## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF MICHIGAN, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO.: |
| | ) | |
| JOHN FRANCIS SCHOEN III, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1442 and 1455, Defendant John Francis Schoen III ("Defendant" herein), through counsel, Marc Curtis of the Defender of the Blue, hereby timely removes this action from the 81st District Court to the United States District Court for the Eastern District of Michigan, following his March 11, 2026 arraignment. Copies of all process, pleadings, and orders served upon United States Federal Air Marshal John Francis Schoen III ("FAM Schoen") are attached as Exhibit 1, pursuant to 28 U.S.C. § 1455. In support of this Notice of Removal, Defendant states the following:

### I.    Background

FAM Schoen was serving as a Federal Air Marshal, assigned to the Federal Bureau of Investigations ("FBI") Joint Terrorism Task Force ("JTTF") in the Detroit, Michigan office.  FAM Schoen was involved in a federal operation being

conducted by the JTTF investigating two Improvised Explosive Devices ("IEDs") that had been placed at cell phone stores in Sault Ste. Marie and Cheboygan, Michigan on September 16, 2021. These IEDs were operational and were contained inside USPS Priority Mail boxes, sealed with black duct tape. These IEDs also contained threatening notes that were signed either "HJ" or "Handcuff Johnny" and the letters "CMT" were written on each box. Through investigation, the JTTF had developed a male suspect named John Douglas Allen ("Allen") living in Whittemore, Michigan. Allen had also sent threatening notes to phone companies and left other threatening notes at area cell phone towers demanding Five Million Dollars ($5,000,000.00).

The JTTF members along with FAM Schoen were deployed to the Whittemore, Michigan on September 19, 2021.  The operation was to conduct covert surveillance of Allen and attempt to gather intelligence on Allen's movements. The surveillance of Allen resulted in the team gaining intelligence on the counter-surveillance techniques that Allen was using to avoid detection by law enforcement agents. The covert surveillance by JTTF provided them with the location of Allen's residence and its relation to the surrounding community. They also determined possible exit and entry points for the possible execution of a search warrant and/or if Allen chose to flee the area.

On September 20, 2021, FBI leadership made the decision to deploy the Hostage Rescue Team ("HRT") to execute a search warrant on the Allen's residence in Whittemore, Michigan. FAM Schoen's duties leading up to and during the execution of the search warrant were to maintain perimeter surveillance and deploy as part of the containment team if needed.

On September 20, 2021, FAM Schoen and JTTF agents deployed to Whittemore to conduct surveillance on Allen, his wife and the residence. At this time, federal officers had observed Allen and his wife moving unidentified objects into an outbuilding on the property of the residence. Through the investigation, JTTF had determined Allen was using counter-surveillance to avoid surveillance attempts. Due to the fact that Allen was utilizing sophisticated counter-surveillance techniques and the nature of the threat involved explosives, the JTTF determined that the wife needed to be treated as a potential threat to public safety, members of the JTTF, and HRT members.

As the HRT was moving into position, the wife left the residence. A JTTF member followed the wife to the Whittemore local library where a town hall meeting was taking place. This location was nearby the location of the residence where the HRT was en route to execute the search warrant. JTTF members determined that if the wife was allowed to return home, just as the HRT was

breaching the residence, it would create a volatile and uncontrolled situation that could trigger a violent encounter in a residential area.

It was determined that to mitigate risk of danger, a JTTF member would initiate a traffic stop on the wife and her vehicle shortly after leaving the meeting. A short time later, the wife was observed by a JTTF member leaving the meeting and began to drive back toward the residence. A JTTF member initiated a traffic stop on the wife and almost immediately called for URGENT backup via radio. Due to the unknown threat level the wife posed and the urgency which the JTTF member requested back up, FAM Schoen believed that his fellow JTTF member was in danger of personal injury or death.

FAM Schoen was positioned at a gas station about a mile away from the traffic stop at the time the radio call was broadcast. FAM Schoen was operating his federal government-issued vehicle, a Hyundai sedan with dark tinted windows, a subdued registration plate, and emergency lighting. FAM Schoen immediately started toward the location of the traffic stop. FAM Schoen drove through a construction zone that narrowed the road to a single lane. FAM Schoen encountered a red light at the portable signal in the construction zone. FAM Schoen knowing the urgency of the backup call and the potential danger to his fellow JTTF member, FAM Schoen activated his emergency lights and proceeded through the construction zone.

Being close to the target residence FAM Schoen made the decision to maintain tactical silence by not activating his siren based on the proximity to the target residence as a siren would have alerted Allen that law enforcement was in the area. FAM Schoen believed that activating the audible siren would compromise the HRT's entry, putting every agent on the scene at risk. FAM Schoen believed this action was necessary and proper to ensure the safety of the federal operation.

FAM Schoen then cleared the construction zone without incident. The road then opened into a two-lane road. As FAM Schoen proceeded to the traffic stop, a vehicle pulled out of a driveway into FAM Schoen's path. FAM Schoen moved to the left to pass the vehicle on the left. As FAM Schoen approached the vehicle to pass, the vehicle suddenly turned left directly into FAM Schoen's path of travel. FAM Schoen attempted to evade a collision with the vehicle by turning to the left, but the collision was unavoidable.

The impact sent both vehicles to the opposite shoulder. FAM Schoen and the other driver suffered injuries from the collision. FAM Schoen was transported via ambulance to a hospital, and the other driver was taken for treatment by a personally owned vehicle.

At all times relevant to the case, *sub judice*, Defendant was acting as a Federal Air Marshal designated as a Joint Terrorism Task Force Officer. (Exhibit 2)

Further, at all times relevant, Defendant was utilizing equipment and training provided by the JTTF and was following policies and procedures of the JTTF.

FAM Schoen joined the United States Federal Air Marshals on January 4, 2002, and retired on January 31, 2023. FAM Schoen learned on February 6, 2026, via the Michigan State Police, that a felony warrant had been issued for his arrest on February 5, 2026, charging him with Reckless Driving Causing Serious Impairment of a Body Function pursuant to MCL 257.626(3) with an arraignment date of March 11, 2026, at 1:30 pm in the 81st District Court.

In the fair and just adjudication of the instant criminal charges, Defendant would be entitled to raise Supremacy Clause Immunity per Article VI, Paragraph 2 of the U.S. Constitution, as well as any and all state-based immunities available to him. *Cunningham v. Neagle*, 135 U.S. 1, 10 S. Ct. 658, 34 L. Ed. 55 (1890); *United States v. Tanella*, 374 F. 3d 141 (2004) and *State of New York v. Tanella*, 281 F. Supp. 606 (E.D. N.Y. 2003)(State-level and common law defenses).

## II.    Grounds for Federal Officer Removal Under 28 U.S.C. §1442

The instant case is both ripe and appropriate for removal to this honorable court. 28 U.S.C. §1442 reads, in relevant part, as follows:

> **(a)** A civil action *or criminal prosecution* that is commenced in a State court and that is against or directed to *any of the following* may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

**(1)** The United States or any agency thereof *or any officer (or any person acting under that officer) of the United States* or of any agency thereof, *in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension* or punishment of criminals or the collection of the revenue.

**(c)** Solely for purposes of determining the propriety of removal under subsection (a*), a law enforcement officer, who is the defendant in a criminal prosecution, shall be deemed to have been acting under the color of his office if the officer--*
**(1)** *protected an individual in the presence of the officer from a crime of violence*;
**(2)** provided immediate assistance to an individual who suffered, or who was threatened with, bodily harm; or
**(3)** *prevented the escape of any individual who the officer reasonably believed to have committed, or was about to commit, in the presence of the officer, a crime of violence that resulted in, or was likely to result in, death or serious bodily injury*.

**(d)** In this section, the following definitions apply:
**(1)** The terms "civil action" and *"criminal prosecution" include any proceeding* (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.
**(2)** The term "crime of violence" has the meaning given that term in section 16 of title 18.
**(3)** The term "law enforcement officer" means any employee described in subparagraph (A), (B), or (C) of section 8401(17) of title 5 and any special agent in the Diplomatic Security Service of the Department of State.
**(4)** The term "serious bodily injury" has the meaning given that term in section 1365 of title 18.

"Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham*, 395 U.S. at 407. The federal removal statute permits removal of any "criminal prosecution that is commenced in a State court" against "any officer…of the United States or the agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1).  The removal statute "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989). The statute is mandatory. City of Norfolk, Va. v. McFarland, 143 F. Supp. 587, 589 (E.D. Va. 1956).

"[T]he removal statute's 'basic' purpose is to protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Federal Government 'acting ... within the scope of their authority.'" Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 150, 127 S. Ct. 2301, 2306, 168 L. Ed. 2d 42 (2007).

As Justice Blackmun held, "This principle is entirely consistent with the purpose underlying the removal of proceedings commenced in state court against a

federal officer. Historically, removal under § 1442(a)(1) and its predecessor statutes was meant to *ensure a federal forum* in any case where a federal official is entitled to raise a defense arising out of his official duties. The act of removal permits a trial upon the merits of the state-law question free from local interests or prejudice. See *Colorado v. Symes*, 286 U.S. 510, 517-518, 52 S.Ct. 635, 637, 76 L.Ed. 1253 (1932)(Emphasis added); *Maryland v. Soper*, 270 U.S. 9, 32, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926). It also enables the defendant to have the validity of his immunity defense adjudicated, in a federal forum. *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). For these reasons, this Court has held that the *right of removal is absolute* for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' *Ibid.* Arizona v. Manypenny, 451 U.S. 232, 241–42, 101 S. Ct. 1657, 1664, 68 L. Ed. 2d 58 (1981)(Emphasis added). "At the very least, [the removal statute] is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) "that the suit is 'for a[n] act under color office,'" and (3) "raise a colorable federal defense." *Jefferson County,*

*Ala. v. Acker*, 527 U.S. 423, 431 (1999) (quoting 28 U.S.C. § 1442(a)(3)). The notice of removal must simply contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a).

In considering the issue, the Court should enter an order for summary remand only where it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Otherwise, "it *shall order* an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1455(b)(5). If removal is permitted, the Court "shall so notify the State court in which prosecution is pending, which shall proceed no further." 28 U.S.C. § 1455(b)(5).

## A. FAM Schoen is an Officer of the United States.

FAM Schoen served as a Federal Air Marshal with the United States Department of Homeland Security Transportation Security Administration from 2002 until 2023. FAM Schoen was assigned to FBI JTTF Detroit office in 2021. FAM Schoen's primary responsibilities were performing as plain clothes or an undercover detective. FAM Schoen operated unmarked vehicles in order to facilitate covert surveillance of possible suspects or while conducting investigations assigned to the JTTF.

## B. FAM Schoen was Acting "Under Color of his Office."

The test for whether a federal officer was acting under color of his office is not onerous.  The removal statute requires a "causal connection between what the officer has done under asserted official authority and the state prosecution." *Soper*, 270 U.S. at 33. All this requires is that "his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution." *Id.* In addition, the removal statute permits a law enforcement officer to show he acted "under the color of his office" if he acts to protect another person from an act of violence, provides assistance to someone threatened with bodily harm, or acts to prevent the escape of someone he reasonably believed had committed, or was about to commit, a crime of violence causing serious bodily injury. 28 U.S.C. § 1442(c).

In determining whether the defendant was acting under "color of his office," a court credits the removing party's theory of the case, rather than deciding the merits of the underlying case for jurisdictional purposes. *See Jefferson County*, 527 U.S. at 432.

### C. FAM Schoen was Performing his Official Duty.

The JTTF was in an active investigation of IED that had been placed within the State of Michigan and in the operation to execute a search warrant at the Allen residence whom was suspected of placing those IEDs. This was a federal operation involving several federal officers including the FBI HRT.

### D. FAM Schoen has a Colorable Federal Defense of Immunity Under the Supremacy Clause of the United States Constitution.

The final requirement for removal is the averment of a colorable federal defense. *See Mesa,* 489 U.S. at 129. Under the Supremacy Clause of the U.S. Constitution, federal officers are immune from state prosecution if "(1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988).

For an act to be "necessary and proper," "two conditions must be satisfied: (1) the actor must subjectively believe that his action is justified; and (2) that belief must be objectively reasonable." *New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004) (citing *Whitehead v. Senkowski*, 943 F.2d 230, 234 (2d. Cir. 1991)). Courts must "evaluate the circumstances as they appear to [the] federal officer [] at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Wyoming v. Livingston*, 443 F.3d 1211, 1229 (10th Cir. 2006). Importantly, the removal statute "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa*, 489 U.S. at 133 (quoting *Willingham*, 395 U.S. at 409). "The officer need not win his case before he can have it removed." *Willingham*, 395 U.S. at 407.

As to a viable Federal defense, FAM Schoen is entitled to raise any and all state-level and common law defenses to the pending charges in a federal venue. See *United States v. Tanella*, 374 F. 3d 141 (2004) and *State of New York v. Tanella*, 281 F. Supp. 606 (E.D. N.Y. 2003).

### III.   Upon Removal, This Court Will Dismiss the Criminal Case Pending Below in the Michigan District Court and Maintain Jurisdiction Throughout the Pendency of the Criminal Case

28 U.S.C. §1447 reads, in relevant part, as follows:

**(a)** In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.
**(b)** It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

Contemporaneously herewith, FAM Schoen files the relevant complaint, arraignment notice, entry of not guilty formally entered at the March 11, 2026 arraignment, bond paperwork, and all "all records and proceedings in such State court" per 28 USC §1447(b).

### IV.   Conclusion

For the foregoing reasons, FAM Schoen respectfully requests that this criminal action be, and is hereby, removed to the United States District Court for the Eastern District of Michigan, Northern Division *instanter*, that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice, and that the criminal action now pending

in state court "proceed no further" per 28 U.S.C. §1455(b)(5).

Respectfully submitted this 11th day of March, 2026,

_/s/ Marc E. Curtis_
Marc E. Curtis, Esq
Michigan Bar No. P59274
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF MICHIGAN, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO.: |
| | ) | |
| JOHN FRANCIS SCHOEN III, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned attorney hereby certifies that the foregoing document, which was prepared using the Times New Roman, 14-point font, with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This 11th day of March, 2026.

*/s/ Marc E. Curtis*
Marc E. Curtis
Michigan Bar no. P59274
Attorney for the Defendant

0005351

| STATE OF MICHIGAN<br>81ST JUDICIAL DISTRICT<br>23RD JUDICIAL CIRCUIT | COMPLAINT<br>FELONY | JUDGE: CHRISTOPHER P. MARTIN<br>CASE NO. 0005351 26-47 FT<br>DISTRICT CASE NO.: 2021000703<br>CIRCUIT CASE NO.: |
|---|---|---|

| District Court ORI: MI350025J<br>422 Lake St. Tawas City, MI 48764  989-362-4441 | Circuit Court ORI: MI350015J<br>422 Lake St., Tawas City MI 48764 989-362-3497 |
|---|---|

| THE PEOPLE OF THE<br>STATE OF MICHIGAN      v | Defendant's name and address<br>JOHN FRANCIS SCHOEN, III<br>43266 LADONNA LN<br>BELLEVILLE, MI 48111 | Victim or complainant Robert J. Leslie<br>Complaining Witness<br>**Trooper Justin Henderson** |
|---|---|---|

| Co-defendant(s) (if known) | | Date:  On or about<br>**September 20,2021** |
|---|---|---|

| City/Twp./Village<br>**Whittemore** | County in Michigan<br>**IOSCO** | Defendant TCN | Defendant CTN<br>**35-21000703-01** | | Defendant SID<br>**210007031** |
|---|---|---|---|---|---|
| Defendant DOB<br>Put DOB in Ref No. row 1 on MC 97 | Defendant DLN<br>Put DLN in Ref No. row 3 on MC 97 | DLN Type | Vehicle Type | Defendant Sex<br>**Male** | Defendant Race<br>**White Non-Latino/Caucasian** |

| Police agency report no.<br>**32 3187-21** | Charge<br>**See below** | Maximum Penalty<br>**See below** |
|---|---|---|

☐  A sample for chemical testing for DNA identification profiling is on file with the Michigan State Police from a previous case.

Witnesses
**SGT JAMIE BULLIS**
**TPR JUSTIN HENDERSON**

**TPR ROBERT LEE, III**
**CLAYTON O'NEIL**

**TPR GORDON SANDULA**

**STATE OF MICHIGAN, COUNTY OF IOSCO.**

**IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN:** The prosecuting attorney for this county appears before the court and informs the court that on the date and at the location described above, the defendant:

**COUNT 1:**  RECKLESS DRIVING CAUSING SERIOUS IMPAIRMENT OF A BODY FUNCTION
did drive a vehicle upon a place open to the general public Bullock St., in willful or wanton disregard for the safety of persons or property and by the operation of that vehicle did cause serious impairment of a body function to Robert J. Leslie; contrary to MCL 257.626(3). [257.6263]
FELONY:  5 Years and/or $1,000.00 - $5,000.00; vehicle immobilization mandatory unless vehicle is forfeited; reimburse government for emergency response and expenses for prosecuting defendant (see MCL 769.1f)

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken at arrest.

☐   The complaining witness asks that the defendant be apprehended and dealt with according to law.

I, Kristen Goen /deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true copy of the original record now remaining and of record in my office. IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal at the City of Tawas City in said County, this 11th day of March, 2026.

Kristen Goen

Clerk/Deputy

| Warrant authorized on  December 19, 2025  by:<br>Date<br><br>[signature]<br><br>Prosecuting Official, James A. Bacarella P46198<br>              Andrew Mong        P83354<br><br>☐  Security for costs posted | I declare under the penalties of perjury that this complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief.<br><br>[signature]<br>**Complaining Witness Signature**          2/5/26<br>                                                      Date |
|---|---|

Approved SCAO, PACC-PAAM Replacement
Form MC 200w, Rev. 9/22
MCL 764.1 et seq., MCL 766.1 et seq.,  MCL 767.1 et seq., MCR 6.101, MCR 6.102

Distribute form to:
Court
Prosecutor
Defendant

0005351

| STATE OF MICHIGAN<br>81ST JUDICIAL DISTRICT<br>23RD JUDICIAL CIRCUIT | SUMMONS<br>FELONY | JUDGE: CHRISTOPHER P. MARTIN  26 c/7 FT<br>CASE NO.: 0690005351<br>DISTRICT CASE NO.: 2021000703<br>CIRCUIT CASE NO.: |
|---|---|---|

| District Court ORI: MI350025J<br>COUNTY COURTHOUSE P.O BOX 609 Tawas City, MI 48764 | Circuit Court ORI: MI350015J<br>COUNTY COURTHOUSE Tawas City, MI 48764989-362-4441 |
|---|---|

| THE PEOPLE OF THE STATE OF MICHIGAN | V | Defendant's name and address<br>JOHN FRANCIS SCHOEN, III<br>43266 LADONNA LN<br>BELLEVILLE, MI 48111 | Victim or complainant Robert J. Leslie<br>Complaining Witness<br>TROOPER HENDERSON |
|---|---|---|---|

Co-defendant(s) (if known)

| City/Twp./Village<br>WHITTEMORE | County in Michigan<br>IOSCO | Defendant TCN | Defendant CTN<br>35-21000703-01 | Defendant SID<br>210007031 | Date: On or about<br>September 20,2021 |
|---|---|---|---|---|---|

| Defendant DOB<br>Put DOB in Ref. row 1 on MC 97 | Defendant DLN<br>Put DLN in Ref. No. row 3 on MC 97 | DLN Type:<br>☐ Oper.Chauf.<br>☐ CDL | Vehicle Type | Defendant Sex<br>M | Defendant Race<br>W |
|---|---|---|---|---|---|

| Police agency report no.<br>32 3187-21 | Charge<br>See below | Maximum penalty<br>See below |
|---|---|---|

☐ A sample for chemical testing for DNA identification profiling is on file with the Michigan State Police from a previous case

**Witnesses**

| SGT JAMIE BULLIS<br>TPR JUSTIN HENDERSON | TPR ROBERT LEE, III<br>CLAYTON O'NEIL | TPR GORDON SANDULA |
|---|---|---|

**STATE OF MICHIGAN, COUNTY OF Iosco**
The complaining witness has filed a sworn complaint in this court stating that on the date and the location described, the defendant, contrary to law,
**COUNT 1:** Reckless Driving Causing Serious Impairment Of A Body Function
did drive a vehicle upon a place open to the general public Bullock St., in willful or wanton disregard for the safety of persons or property and by the operation of that vehicle did cause serious impairment of a body function to Robert J. Leslie; contrary to MCL 257.626(3). [257.6263]

**FELONY:** 5 Years and/or $1,000.00 - $5,000.00; vehicle immobilization mandatory unless vehicle is forfeited; reimburse government for emergency response and expenses for prosecuting defendant (see MCL 769.1f)

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken at arrest.
**THE COURT FINDS** probable cause to believe the defendant committed the offense(s) set forth.

**IN THE NAME OF THE PEOPLE OF** ☑ **STATE OF MICHIGAN** ☐ _____

**TAKE NOTICE: YOU ARE SUMMONED TO APPEAR** for arraignment on ___ at 3/11/26  1:00 pm
Date and time

at ☑ the address above ☐ _____, Michigan,
Location

before the presiding judge. If you fail to appear, a warrant may be issued for your arrest. This summons expires on the date of hearing. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

I *Kristen Loew*, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said [illegible] day of *March, 2026*

Judge/Magistrate signature and date   2/5/26

Approved SCAO, PACC,RAAM Replacement Form DC 225E, Rev. 9/22
MCL 764.1 MCL 764.1a, MCL 764.3, MCR 6.102, MCR 6.103, MCR 6.615

Clerk/Deputy

| Distribute form to:<br>Court<br>Prosecutor<br>Defendant |
|---|

## STATEMENT IN SUPPORT OF COMPLAINT FOR WARRANT

I _Tpr. Grezeszak_, being the duly sworn Complainant herein, in the Complaint attached hereto states in support of said Complaint the following information known to him to be true: (The Affiant is _Tpr. Grezeszak_ for the **MICHIGAN STATE POLICE)**

On 09/20/2021 at approximately 2000hrs, Tpr. Henderson was dispatched to Bullock St. near Ofarrell Ave. in Iosco County, Whittemore, in the State of Michigan for a report of a two vehicle personal injury crash.

Tpr. Henderson observed multiple un-marked vehicles with flashing blue and red lights, which was later to be determined as un-marked police vehicles, involved with federal agents working in the area.

Tpr. Henderson contacted John Schoen (▓▓▓▓▓▓▓▓▓▓) who advised he was travelling north on M-65 and attempted to pass a vehicle, which was in front of him. The vehicle in front of John proceeded to make a left turn onto Ofarrell Ave. as John attempted to pass the vehicle. John could not avoid the collision and struck the vehicle.

John works for the Department of Homeland Security/ Air Marshal, and was assigned to a task force working in the Whittemore area. John was operating a black 2014 Hyundai four door passenger vehicle (VIN: KMHEC4A46EA117004).

Tpr. Henderson contacted Robert J. Leslie who advised he pulled out of the Whittemore Speedway private driveway and was then conducting a lefthand turn to head west on Ofarrell Ave. Robert began travelling north on Bullock St. and was partially into his left turn to go onto Ofarrell Ave., when he was struck by another vehicle. Robert did not hear or see the other vehicle that had struck him. Robert advised he had his left turn signal activated when he attempted to make the turn.

Robert was operating a 2011 Ford Explorer bearing Michigan Registration CQC871.

Where the crash occurred, there was a solid double yellow center line.

Robert complained of left shoulder pain and was transported to St. Joseph Ascension Hospital in Tawas City by his wife.

John had injuries to his head and arm and was transported to St. Joseph Ascension Hospital in Tawas City by EMS.

Tpr. Henderson obtained 21 pages of medical documents from Robert who was going through further treatment from injuries he sustained from the crash.

Tpr. Henderson observed in the medical documents of Robert's injuries (from 09/22/21 doctor visit) which consisted of sternoclavicular strain, shoulder pain (left side), contusion of left shoulder, and sternal pain.

Robert had another doctor visit on 10/06/21 which consisted of sternoclavicular strain, shoulder pain (left side), contusion of left shoulder, spasm of cervical paraspinous muscle, cervicalgia, rib pain on left side, and trigger point of thoracic region.

Robert had another doctor visit on 01/03/2022 for shoulder pian (left side), pain of left sternoclavicular joint, disorder of sternoclavicular joint.

Robert had another doctor visit on 03/16/2022 for shoulder pain (left side), disorder of sternoclavicular joint, sternal pain, and sprain of sternoclavicular joint-left-sequela.

_I Kristen Loew, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026_

_/s/ Kristen Loew_
**Clerk/Deputy**

The findings of Robert's injuries as follows: Moderate amount of fluid across the left sternoclavicular joint. An irregular, impacted appearance of the sternal head of the clavicle. Complete tear of the sternoclavicular ligament, including its anterior and posterior components. The interclavicular ligament remains intact. Partial tear of the costoclavicular ligament. Very mild cephalad subluxation of the clavicle with respect to the manubrium. Partial cleavage of the articular disc from its attachment to the clavicle.

The injuries sustained and doctor visits for Robert, were due to the motor vehicle crash he was involved in.

Please review.

That your Complainant knows the above named persons to be truthful and reliable, and he believes that the above information is true as reported to him and that this statement is given in support of a complaint for a warrant for the

Charge of: _Reckless Driving Causing Serious Impairment of a Body function_

Contrary to MCL: _257.626(3)_

DATED: _2/5/26_ .

_____
COMPLAINANT

Subscribed and sworn before me, this ___5th___ day of ___Feb___, 20 _26_.

_____
MAGISTRATE/DISTRICT COURT JUDGE

I _Kristen Low_ clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this _11th_ day of _March, 2024_

_____
Clerk/Deputy

| STATE OF MICHIGAN<br>81ST   JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>IOSCO   COUNTY | ORDER FOR FINGERPRINTS | Case No: 2647        FT<br>X-Ref:<br>Mag: KRUSE LC<br>Police#: 32-3187-21 |
|---|---|---|

| ORI<br>MI-350025J | Court Address  422 LAKE STREET<br>TAWAS CITY, MI  48763 | Court Telephone no.<br>989-362-4441 |
|---|---|---|

| THE PEOPLE OF<br>☒ The State of Michigan<br>☐ _____ | v | Defendant/Respondent name, address, and telephone no.<br>SCHOEN III/JOHN/FRANCIS<br>3902 N SUMMIT STREET<br>TOLEDO, OH  43611 |
|---|---|---|

☐  Juvenile   In the matter of  _____

| Arresting agency name and ORI<br>MICHIGAN STATE POLICE DEPT<br>MI6503600 | Incident date<br>09/20/21 | Arrest date | CTN<br>352100070301 | PACC Code<br>257.6263 |
|---|---|---|---|---|

**USE NOTE:**  This order is to be issued when: 1) fingerprints were not taken at arrest and are required to be taken, or 2) the respondent is found guilty of criminal contempt for violating a personal or valid foreign protection order and fingerprints were not already taken.

**IT IS ORDERED:**

1. ☒ a. Defendant/Juvenile/Respondent shall go to IOSCO COUNTY SHERIFF DEPARTMENT
   so that fingerprints can be taken.          Law enforcement agency
   ☒ The fingerprints must be taken before MARCH 11, 2026          .
   **or**                                   Next scheduled court date
   ☐ b. The sheriff shall take custody of the defendant/juvenile/respondent to take
   his/her fingerprints.
2. The clerk shall forward immediately a copy of this order with an attached copy of
   the complaint, petition, or information to the law enforcement agency required to
   take fingerprints.
3. Unless otherwise incarcerated, defendant/juvenile/respondent shall be released
   immediately after his/her fingerprints are taken.
4. Refusal to submit to fingerprinting may subject the defendant/juvenile/respondent
   to contempt or criminal charges.

Magistrate LAURA  KRUSE                                    FEB. 9, 2026
                                                              Date

### PROOF OF SERVICE

I certify that on this date copies of this order were served on the parties by
☒ first-class mail to their last-known addresses   ☐ personal service.

Court clerk                                                   Date

### CERTIFICATE OF FINGERPRINTING

I certify that arrest data and a set of fingerprints were taken and properly submitted
for retention to the Michigan State Police Criminal Justice Information Center.

| TCN (when CTN is not already assigned) | OCA<br>32-3187-21 |
|---|---|

I Kristen Loew, clerk/deputy of the 81st
District Trial Court of Iosco, do hereby certify the above
and forgoing to be a true and correct copy of the
original record now remaining in my office.  IN
TESTIMONY WHEREOF  I have hereunto set my
hand and official seal at the City of Tawas City in said

Signature                                                   Date

Name (type or print)

Approved SCAO                  11th  day of  March, 2026
Form MC 233, Rev. 5/07
MCL 28.243, MCL 764.29, MCL 769.1, MCL 769.16A(5), MCR 3.936

Distribute form to:
Court
Defendant/Attorney
Law Enforcement Agency

Clerk/Deputy

Case No. 26-47 FT _____

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the copies of the summons, complaint, and any attachments and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE / MAILING

[✓] I served    [ ] personally    [✓] by first-class mail to the defendant's last known address
a copy of the summons and complaint, together with the attachments listed below on:

[ ] I have attempted to serve the summons and complaint, together with the attachments listed below, and
have been unable to complete service on:

| Defendant's name/Household member's name | Date and time of service |
|---|---|
| JOHN FRANCIS SCHOEN III | 2/9/26 |

Place or address of service
3902 N SUMMIT STREET  TOLEDO  OHIO  43611

Attachments (if any)
NOA/SUMMONS/COMPLAINT/FINGERPRINT ORDER/RIGHTS/ZOOM INSTRUCTIONS/CHECK OFF

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title (if applicable) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

Attachments _____  on _____
                                                      Date and time

Signature _____  on behalf of _____

## CERTIFICATE OF MAILING BY COURT OR PROSECUTOR

I certify that on this date I served a copy of this summons and complaint, together with any attachments on the defendant by first-class mail addressed to his or her last known address as defined in MCR 2.107(C)(3). I declare under the penalties of perjury that this certificate of mailing has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

_I, _____, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026_

_Krista Yoon_
Clerk/Deputy

Court Clerk/Prosecutor signature and date      2/9/26

| 81ST **STATE OF MICHIGAN JUDICIAL DISTRICT** | **NOTICE TO APPEAR** | Case No: 2647 FT<br>X-REF:<br>OFFENSE:        1)RECKLS/IMPAI |
|---|---|---|

Court Address  422 LAKE STREET
TAWAS CITY, MI  48763

Court Telephone no.
989-362-4441

**STATE OF MICHIGAN**

Plaintiff ☐ Personal service

v

SCHOEN III/JOHN/FRANCIS
3902 N SUMMIT STREET
TOLEDO, OH  43611

Defendant ☐ Personal service

989-362-1364                    P-46198
JAMES A BACARELLA
1228 EAST U.S. 23
EAST TAWAS, MI  48730

Plaintiff's attorney ☐ Personal service

231-375-0971                    P-59274
MARC ERIC CURTIS
800 EAST ELLIS RD
#506
NORTON SHORES, MI  49441

Defendant's attorney ☐ Personal service

HARRISON/TANNER

Officer

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Date issued: FEB.  9, 2026

**YOU ARE DIRECTED TO APPEAR AT:**

☒ The court address above, courtroom  A
☐

FINGERPRINTS REQUIRED BEFORE ARRAIGNMENT

Magis:  BRIAN J. HARGER

**FOR THE FOLLOWING PURPOSE:**

|  | DAY | DATE | TIME |
|---|---|---|---|
| ☐ Probable Cause Conf. | | | |
| ☐ Preliminary Exam | | | |
| ☐ Pre-trial Conf. | | | |
| ☐ Jury Selection | | | |
| ☐ Jury Trial | | | |
| ☐ Nonjury Trial | | | |
| ☐ Sentencing | | | |
| ☐ Motion | | | |
| ☒ Arraignment | WEDNESDAY | 03/11/26 | 1:00 PM |
| ☐ Informal Hearing | | | |
| ☐ Formal Hearing | | | |
| ☐ | | | |

☐ The above matter is adjourned from _____
Date

Clerk of the Court

I Kristen Loew clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office.   IN TESTIMONY WHEREOF  I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Clerk/Deputy

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.
4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment, except when the court allows otherwise, for good cause shown.

Approved, SCAO
Form MC 06, Rev. 6/19

Distribute form to:
Court
Plaintiff/Attorney
Defendant
Extra

## STATE OF MICHIGAN
### IN THE 81st DISTRICT COURT COUNTY OF IOSCO

THE PEOPLE OF THE
STATE OF MICHIGAN,

          Plaintiff;

v.

JOHN FRANCIS SCHOEN III,

          Defendant.

Case No:  26-47 FT

HON. CHRISTOPHER P. MARTIN

Appearance of Counsel, Demand for a
Jury Trial, Demand for a Speedy
Trial, Demand for Res Gestae
Witnesses, Demand for Discovery.

---

James A. Bacarella (P46198)
Iosco County Prosecutor
422 W Lake Street
Tawas City, MI 48763
Ph: (989) 362-6141

MARC E. CURTIS (P059274)
DEFENDER OF THE BLUE
Attorney for Defendant
800 East Ellis Road #506
Norton Shores, MI 49441
Ph: (231) 375-0971
E: mcurtis@defenderoftheblue.com

---

### APPEARANCE OF COUNSEL, DEMAND FOR A JURY TRIAL, DEMAND FOR A SPEEDY TRIAL, DEMAND FOR RES GESTAE WITNESSES, AND DEMAND FOR DISCOVERY

---

### APPEARANCE OF COUNSEL

NOW COMES attorney Marc E. Curtis of Defender of the Blue and hereby enters his

appearance on behalf of the Defendant in this matter and requests copies of all papers filed in

this matter. Said copies are requested before the next judicial hearing or proceeding.

I *Kristen Loen*, clerk/deputy of the 81st
District Trial Court of Iosco, do hereby certify the above
and forgoing to be a true and correct copy of the
original record now remaining in my office.   IN
TESTIMONY WHEREOF   I have hereunto set my
hand and official seal at the City of Tawas City in said
County, this *11th* day of *March, 2026*

*Kristen Loen*
Clerk/Deputy

## DEMAND FOR A JURY TRIAL

Defendant, by and through their attorney, hereby demands a jury trial in this matter.

## DEMAND FOR A SPEEDY TRIAL

Defendant, by and through their attorney, hereby demands a speedy trial in this matter.

## DEMAND FOR RES GESTAE WITNESSES

Defendant, by and through his attorney, hereby demands a list of all *res gestae* witnesses in this matter.

## DEMAND FOR DISCOVERY

Defendant, by and through their attorney, and pursuant to the special duty of the People as described in *Bay City Prosecutor v Bay City Dist Judge*, 109 Mich App 476; 311 NW2d 399 (1981) and *People v Denning*, 140 Mich App 331; 364 NW2d 325 (1985), the United States Constitution, the Michigan Constitution, and MCR 6.201, *et seq.*, hereby demands that the People disclose all possible material, information, and relevant evidence that the People have presently acquired or collect in the future prior to judicial proceedings scheduled in this matter. Further, Defendant demands compliance with the Michigan Rules of Professional Conduct and Canons, including but not limited to MRPC 3.4, MRPC 3.8, and MRPC 8.4. Defendant's demand for discovery is continuing in nature, and the information and documentation requested are expected to be timely furnished in order to allow defense counsel to properly prepare for any and all scheduled proceedings.

It is expected that the People will make every good-faith effort to secure the information and documentation sought in an orderly fashion and in a timely manner, and , as a minimum requirement if information is not available to him or her, to serve on appropriate authorities who

2

I Krista Loew clerk/deputy of the
District Trial Court of Iosco, do hereby certify the above
and foregoing to be a true copy of the
original record now remaining in my office. IN
TESTIMONY WHEREOF I have hereunto set my
hand and official seal at the City of Tawas City in said
County, this 11th day of March, 2026

Krista Loew
Clerk/Deputy

may have the requested information, in written form, a copy of this demand with instructions as to what information he or she seeks and proof of service.

Defendant demands, as a minimum and continuing requirement of the People, the production of the following information and documentation:

1. All discovery mandated by MCR 6.201(A), *et seq.*

2. All discovery mandated by MCR 6.201(B), *et seq.*

3. All discovery whose disclosure is mandatory under *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963) and its progeny.

4. A copy of any writings recorded by any law enforcement official or interested party dealing with or related to the incident under which the Defendant stands charged, including, but not limited to, all of the following:

   a. Police reports.

   b. Incident reports.

   c. Witness statements.

   d. Notes and recordings, of any form, taken by or on behalf of any police officer or interested party during any stage of investigation of the facts and circumstances surrounding the above entitled matter.

   e. Notes made by law enforcement officers to be used at the Preliminary Examination, Trial, or any other hearing or court appearance.

   f. Intake or receiving forms filled out by jail personnel.

   g. 911 logs, tapes, recordings, and transcripts.

   h. Dispatch records from any police or governmental agency.

I Kristen Evew  Clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Kristen Evew
Clerk/Deputy

3

i.   Accident reports.

5.  A copy of all documents and photographs related to any corporeal or photographic lineup.

6.  A copy of any audio or video recording created by any law enforcement officer, interested party, or other entity in any form including, but not limited to:

    a.   All audio or video recordings made of the Defendant prior to, during, or following his or her arrest.

    b.   All body worn cameras of anyone that is relevant to this investigation.

    c.   All in car videos form the incident.

    d.   Any surveillance videos obtained or seized during the course of the investigation.

    e.   All audio and video recordings related in any manner to the above entitled matter, including, but not limited to, audio and video recordings from any patrol vehicle.

7.  The names, addresses, and phone numbers of all lay and expert witnesses who may have information regarding the guilt or innocence of the Defendant arising out of the incident under which the Defendant stands charged, including the names of all endorsed witnesses.

8.  Please state the substance of any testimony to be given by each lay and expert witness at Trial.

9.  All advice of rights or *Miranda* forms presented to or signed by Defendant or any other person related to this matter.

10. Names of any and all persons who informed the Defendant of his *Miranda* rights, includ-

I *Kristen* _____ Deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this _11th_ day of _March, 2026_

*Kristen Yaew*

Clerk/Deputy

4

11. Whether the arresting officers gave the Defendant an opportunity to make a phone call after his arrest. If so, when was the call allowed, to whom, and for what purpose.

12. Copies of any admissions, declarations, or confessions (written or oral) intended to be used against the Defendant to prove his or her guilt that are not otherwise noted in any other writing provided to Defendant herein.

13. Any other evidence or observation of law enforcement witnesses intended to be used against the Defendant at the Preliminary Examination, Trial, or any other hearing that is not part of a written report furnished to defense counsel.

14. Any available evidence known to the prosecuting authority that would tend to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment, whether or not it will damage the People's case or aid the Defendant.

15. Copies of any affidavits and warrants pertaining to any search or seizure in connection with the case.

16. Provide the following times and names of the witnesses recording or verifying the same:

    a. Time Defendant was first observed by officers.

    b. Time Defendant was placed under arrest.

    c. Time Defendant was first questioned after arrest or in custody.

    d. Time *Miranda* rights were read to Defendant.

    e. Time the search warrant was obtained and signed by the magistrate.

    f. Time the search warrant was executed.

    g. Time the search warrant was served upon the Defendant and by whom.

I Kristen Loew, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Kristen Loew
Clerk/Deputy

5

17. The names and addresses of all lay and expert witnesses you intend to call at Trial and, for each, provide their name, address, telephone number, and occupation.

18. Any and all written or recorded statements by any lay witness you intend to call at trial.

19. Any and all reports of any kind produced by or for any and all expert witnesses you intend to call at the Preliminary Examination or Trial.

20. A curriculum vitae or resume for each expert witness you intend to call at the Preliminary Examination or Trial.

21. Any and all documents relied upon for any and all expert witness opinions, conclusions, or any laboratory reports.

22. Any document, photograph, or other paper that you intend to introduce at the Preliminary Examination, Trial, or any other hearing.

23. The names and addresses of all persons interviewed in connection with this case, even if the People do not intend to call them as a witness.

24. The criminal records, if any, of all persons who were subjects of this investigation.

25. The results of all scientific or any other expert test performed upon any suspected controlled substance seized in this case including, but not limited to, final reports, notes, summaries of reports, any other underlying data, and the certification and qualifications of those performing the test(s) as well as describing the equipment, instruments or machinery used in such test(s), together with providing maintenance and certification records for the same.

26. If any fingerprint collection, analysis, or comparison was conducted, provide all documents and supporting evidence used in the formulation of any expert opinion.

I Kristen Loew, Clerk/deputy of the 81 District Trial Court of Iosco, do hereby certify the above and forgoing to be a true copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Kristen Loew
Clerk/Deputy

6

27. If any form of Deoxyribonucleic Acid ("DNA") testing was conducted, provide all documents and supporting evidence used in the formulation of any expert opinion, including all electropherograms and all other supporting or underlying evidence or data.

28. Legible copies of all documents used by the People's experts to render their opinions regarding the biological evidence in this matter including any evidence collection notes or reports, crime scene notes or reports, serology reports, and DNA analysis reports and evidence.

29. Legible copies of all documents received by, referred to, or generated by the People's experts during the biological analysis (serology and DNA) process, even if not used to formulate a final opinions in this matter.

30. All bench and analyst notes from the crime scene collection, serological analysis, and DNA analysis in this matter.

31. All chain of custody documents with respect to the evidence collection, serological analysis, and DNA analysis in this matter.

32. All digital and print media, including photographs, video, and audio, charts, and electropherograms obtained, collected, or created as a part of the evidence collection, serological analysis, and DNA analysis of evidentiary items in this matter.

33. All calculations and interpretation of the data used to form the opinions rendered in this matter in relation to any serological and DNA analysis performed.

34. If any other scientific or forensic analysis or comparison was conducted, provide all documents and supporting evidence used in the formulation of any expert opinion.

I Kristen Eoen , Clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Kristen Eoen
Clerk/Deputy

7

35. All photographs of the Defendant, the scene of the alleged crime, or any other photographs related to this matter.

36. All Michigan Rule of Evidence 609 information for all potential witnesses in this matter.

37. Any other information not specifically enumerated which the prosecution intends to produce at Trial or is of an inculpatory nature.

38. Disclosure of any exculpatory evidence that may negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment.

39. Please provide an opportunity to inspect and, if ordered by the court on good cause shown, to test without destruction any tangible physical evidence that you intend to introduce at trial, including, but not limited to, any alleged controlled substance seized.

Defense counsel should be notified as to each refusal pursuant to these demands and the basis on which the People are refusing to comply with said demands within 21 days of filing. MCR 6.201(F). Further, the People are under a continuing duty to disclose additional information or material subject to disclosure under MCR 6.201, *et seq* pursuant to MCR 6.201(H). If defense counsel discovers that information has been withheld and it is too late to seek a discovery order, counsel will move for dismissal or suppression at the time of the Preliminary Examination, Trial, or any other hearing in this matter, or any other relief available under MCR 6.201(J) or any other statute or court rule.

Respectfully Submitted,

Dated: February 9, 2026

By: _____

Marc E. Curtis (P059274)
Attorney for the Defendant

I _Kristen Loew_ Clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this _11th_ day of _March, 2026_

_Kristen Loew_
Clerk/Deputy

Original Court
Copy - Defendant

| STATE OF MICHIGAN<br>81ST JUDICIAL DISTRICT<br>IOSCO COUNTY | FELONY<br>ADVICE OF RIGHTS | CASE NO. |
|---|---|---|

**Court address**

Iosco County Building 422 Lake Street, Tawas City MI 48763   989-362-4441

**Court telephone no.**

989-362-4441

1.  If you require special accommodations to use the court because of disabilities or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

2.  You have been brought to court on a felony charge.  Because you are charged with a felony you are entitled to:

    a.  Be arraigned before a court on the warrant or complaint and informed of the charge(s) and possible penalties.
    b.  Have a probable cause conference within 14 days after your arraignment.  The probable cause conference may be waived in writing prior to hearing date.

    A probable cause conference is an opportunity for you, the prosecuting attorney, and your defense attorney, if any, to discuss plea negotiations and stipulations regarding the case.  It is also an opportunity for you to request a bond modification from the judge.

    c.  Have a preliminary examination within 21 days after your arraignment.

    A preliminary examination is a hearing at which the prosecuting attorney must show that there is probable cause to believe the charged offense(s) was committed and that you committed the charged offense(s).

3.  You are entitled to be represented by an attorney.  If you cannot afford an attorney, the court will appoint one to represent you.  If you are not represented by an attorney at arraignment, you are advised that:

    a.  You have the right to remain silent.
    b.  Anything you say or write can be used against you in court.
    c.  You have the right to have an attorney present during any questioning to which you consent.

4.  You are entitled to a trial on the charges in the complaint.  At trial, you have the following rights:

    a.  To be tried by a jury.
    b.  To be presumed innocent until proven guilty.
    c.  To have the prosecutor prove beyond a reasonable doubt that you are guilty.
    d.  To have the witnesses against you appear at the trial.
    e.  To question the witnesses against you.
    f.  To have the court order any witnesses you have for your defense to appear at the trial.
    g.  To remain silent during the trial.
    h.  To not have that silence used against you.
    i.  To testify at the trial if you want to testify.

5.  You are entitled to have the court determine what form of pretrial release, if any, is appropriate.

_3/11/26_
Date

Defendant Signature

_JOHN SCHOEN_
Defendant Name (print)

_3902 N. SUMMIT ST._
Address

_TOLEDO OH  43611_          _419 729 0438_
City, State, Zip                 Telephone no.

I **Kristen Loew** clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office.  IN TESTIMONY WHEREOF  I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

_Kristen Loew_
Clerk/Deputy

(09/17)

MCL 766.4, MCR 6.104, MCR 6.108, MCR 6.110, MCR 6.302

| 81ST | **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT** | **PRETRIAL RELEASE ORDER**<br><br>☐ **AMENDED CONDITIONS**<br>☐ **AMENDED LEIN EXPIRATION DATE** | **CASE NO.** 26-47 FT<br><br>**DISTRICT CASE NO.** 26-47 FT<br><br>**JUDGE** Christopher P. Martin |

| ORI<br>MI- 350025J | Court address<br>422 W. LAKE STREET, P.O. BOX 609, TAWAS CITY, MI 48763 | Court telephone no.<br>989 362-4441 |

| THE PEOPLE OF<br><br>☑ The State of Michigan<br><br>☐ _____ | v | Defendant's name, address, and telephone no.<br><br>JOHN FRANCIS SCHOEN III<br>3902 N SUMMIT STREET<br>TOLEDO OHIO 43611 |
| --- | --- | --- |

| CTN/TCN<br>35-21000703-01 | SID | DOB<br>1/12/73 |

☐ In the matter of _____

| Date of arrest | Type of offense<br>☐ Misdemeanor ☑ Felony | Arresting agency<br>MSP | Agency file no.<br>32-3187-21 |

| Offense(s) | Statute/ordinance citation(s) |
RECKLESS DRIVING CAUSING SERIOUS IMPAIRMENT OF A BODY FUNCTION

| Purpose of next appearance<br>PROBABLE CAUSE CONFERENCE | Time of appearance<br>*10:00 am* | Date of appearance<br>*3/24/26* |

Place of appearance
☑ At the court address above    ☐ Other:

| TYPE OF BOND: ☑ Personal recognizance<br>☐ Cash/Surety<br>☐ Cash/Surety/10% Cash    ☐ Real property*<br>☐ *Proof of value and interest in real property is required. | Full bail amount<br>$ *10,000⁰⁰* | Bond set by Judge/Magistrate<br>BRIAN HARGER |

1. ☑ a. Release on personal recognizance shall be ordered as required by MCR 6.106(C).
   ☐ b. Release on personal recognizance will not reasonably ensure  ☐ appearance.  ☐ public safety.
☐ 2. Under 18 USC 922(g)(8), the court found, at a hearing, that the defendant/juvenile represents a credible threat to the physical safety of one or more persons as defined in 18 USC 922(g)(8) and 18 USC 921(a)(32) and named in item 5q. **Needed for NCIC.
☐ 3. This case is bound over from district court.

**IT IS ORDERED:**
4. ☐ a. The defendant/juvenile shall post a new bond and comply with the terms and conditions in item 5.
   ☐ b. The bond previously ordered is continued, and the defendant/juvenile shall comply with the terms and conditions in item 5.

5. The defendant/juvenile shall comply with the following terms and conditions that are checked:

   ☑ a. Personally appear for any examination, arraignment, trial, sentencing, or at any time and place as directed by this court. If represented by an attorney in this case, any notice to appear may be given to the defendant's attorney instead of the defendant.

   ☑ b. Abide by any judgment entered in this case and surrender to serve any sentence imposed.

**(See additional page for more conditions.)**

*I Kristen Loew clerk/deputy of the 81st*
*District Trial Court of Iosco, do hereby certify the above*
*and forgoing to be a true and correct copy of*
*original record now remaining in my office.*
*TESTIMONY WHEREOF I have hereunto set my*
*hand and official seal at the City of Tawas City in said*
*County, this 11th day of March, 2026*

*Krista Loew*
**Clerk/Deputy**

| Approved, SCAO<br>Form MC 240, Rev. 9/22<br>MCL 765.6b, MCR 3.935, MCR 6.103, MCR 6.106, MCR 6.610,<br>18 USC 922(g)(8)<br>Page 1 of 4 | Distribute form to:<br>Court<br>Defendant<br>Prosecutor<br>Sheriff/Facility<br>Originating law enforcement agency (when applicable)<br>LEIN (when applicable) |

Pretrial Release Order   (9/22)
Page 2 of 4

Case No. 26-47 FT

**IT IS ORDERED (continued):**

☑ c. Do not leave the State of Michigan without the permission of this court.

☑ d. Do not commit any crime while released.

☑ e. Immediately notify this court, in writing, of any change of address or telephone number.

☐ f.  Make reports to a court agency as specified by this court or the agency.

☐ g. Do not use  ☐ alcohol.  ☐ marijuana.  ☐ illegal controlled substances.

☐ h. Participate in a substance abuse testing or monitoring program.

☐ i.  Participate in a specified treatment program for any physical or mental condition, including substance abuse.

☐ j.  Comply with restrictions on personal association, place of residence, place of employment, or travel.

☐ k. Surrender driver's license or passport.

☐ l.  Continue to seek employment.

☐ m. Comply with the following curfew: _____

☐ n. Continue or begin an educational program.

☐ o. Remain in the custody of a responsible member of the community. The community member agrees to monitor the defendant/juvenile and report any violation of these release conditions to the court.

☐ p. Do not possess or purchase a firearm or other dangerous weapon.

☐ q. Do not harass, intimidate, beat, molest, wound, stalk, threaten, or engage in other conduct that would place any of the following persons or a child of any of the following persons in reasonable fear of bodily injury: spouse, former spouse, individual with whom the defendant has a child in common, resident or former resident of the defendant's household.

☐ r.  Do not assault, harass, intimidate, beat, molest, wound, or threaten the following person(s):

_____
Name(s)

☐ s. Do not have (or cause any third party to have) any direct or indirect contact with the following person(s):
(**Note:** This condition also applies while the defendant/juvenile is in custody.)

_____
Name(s)

☐ t.  Do not enter the following specified premises or areas:

_____
Address or other location

☐ May go to the address once, accompanied by a peace officer, to remove personal belongings.

☑ u. Other: _Allowed to leave the State of Michigan, may carry weapon for employment or duties. (including Firearm)_

I, Kristen Law, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original remaining in my office.  IN TESTIMONY WHEREOF  I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026

Smita Green
Clerk/Deputy

Pretrial Release Order   (9/22)
Page 3 of 4

Case No. _____
                    26-47 FT

☐ 6. The   ☐ sheriff   ☐ _____
                                Custodial agency/Facility

shall hold the defendant/juvenile named above in its care and custody until bond is posted and the terms and conditions specified in item 5 are acknowledged. The defendant/juvenile shall be brought to all court appearances while in custody or as otherwise ordered. The sheriff or director or designee of the custodial facility is authorized to obtain and consent to routine, nonsurgical medical and dental care for the juvenile and emergency medical, dental, and surgical treatment of the juvenile.

☐ 7. This order shall be entered into LEIN, is effective when signed, and expires on _____ .

(**Note:** Check when release is subject to conditions necessary to protect 1 or more named persons under MCL 765.6b or for NCIC.)

| Height 5-9 | Weight 180 | Race* CAU | Sex* M | Date of birth* 1/12/73 | Driver's license number |
|---|---|---|---|---|---|
| Hair color BRO | Eye color BRO | Other identifying information | | | |

*These items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful.

_____   3-11-26
Judge/Magistrate signature and date

I Kristen Loew, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2024

_____
Clerk/Deputy

Pretrial Release Order   (9/22)
Page 4 of 4

Case No. 26-47 FT

## ACKNOWLEDGMENT OF PRETRIAL RELEASE CONDITIONS

I acknowledge and understand the terms and conditions of my release from jail. If I fail to perform all the terms and conditions, I may be subject to arrest without a warrant, jail, contempt of court, and new conditions of release. If my release is revoked and a bond was posted, the full amount of my bond, regardless of who posted it, may be forfeited. If I am arrested for a violation of these terms and conditions in another state, I waive all extradition proceedings and will be immediately returned to this state.

**NOTICE OF FIREARMS RESTRICTION**: If item 5q is a condition of my release, federal and/or state law may prohibit me from possessing or purchasing ammunition or a firearm (including a rifle, pistol, or revolver).

3/11/26
Date _____

_____
Defendant/Juvenile's signature

**Bond deposited by Defendant**: If all the terms and conditions of pretrial release are met, the money deposited (bond) will be used to pay any fine, state minimum costs, restitution, statutory assessments, and other costs imposed. Any balance will be returned to me as authorized by statute and court rule.

_____
Date

_____
Defendant's signature

**Bond deposited by**    ☐ **Third Party:**    ☐ **Surety/Agent:**    I understand and agree that if the defendant fails to appear, the money deposited (bond) may be forfeited and a judgment entered for the entire amount of the bond. If the defendant appears as directed, the full amount of the bond will be returned to me unless I deposited a 10% cash bond. In that instance, the court will return only 90% of the bond to me.   ☐ If I am entitled to return of any bond, I agree that it may be applied to any of the defendant's fines/costs/assessments upon conviction.

_____
Date

_____
Signature of depositor/surety/agent and identification (i.e. DLN)

_____
Name of depositor/surety/agent (type or print)

_____
Address

_____
City, state, zip                                        Telephone no.

**Use Note:** If a third party or surety posted bond for the defendant, the court clerk may provide the third party or surety with a copy of the terms and conditions of release.

I *Kristen Loew*, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office.  IN TESTIMONY WHEREOF  I have hereunto set my hand and official seal at the City of Tawas City in said County, this *11th* day of *March, 2026*

_____
Clerk/Deputy

# ACTION IN COURT

## 81st DISTRICT COURT
### STATE OF MICHIGAN

P.O. Box 609
Tawas City, Michigan 48764
Phone: (989) 362-4441 - Fax: (989) 984-1021
Judge Christopher P. Martin

120 North Grove Street, P.O. Box 129
Standish, Michigan 48658
Phone: (989) 846-9538 - Fax: (989) 846-2008
Judge Richard E. Vollbach, Jr.

P.O. Box 385
Harrisville, Michigan 48740
Phone: (989) 724-9500 - Fax: (989) 724-9509
Judge Laura A. Frawley

P.O. Box 625
Mio, Michigan 48647
Phone: (989) 826-1105 - Fax: (989) 826-1188
Judge Casandra Morse-Bills

| DEFENDANT JOHN FRANCIS SCHOEN III | AGENCY | STATUTE | ORDINANCE | CASE NO./JUDGE 2647 MARTIN |
|---|---|---|---|---|
| ADDRESS 3902 N SUMMIT STREET | CITY TOLEDO, | STATE OH | ZIP CODE 43611 | DATE OF BIRTH | DRIVER'S LICENSE |

| TRAFFIC VIOLATION NO. | RECORDER Sam | JUDGE HARGER | TAPE NO. DC2 RECORDING NO.: 1.02:10 |
|---|---|---|---|

| **CHARGED OFFENSES** | DATE IN COURT: 3/11/26 |
|---|---|

Atty: CURTIS,MARC ERIC,

RECKLESS DRIVING CAUSING SERIOUS IMPAIRMENT OF BODY FUNCTION

~~scribbled out~~ waive formal reading of charges
plea not guilty entered by C
waive 21 days

I, Kristen Loew, clerk/deputy of the 81st District Trial Court of Iosco, do hereby certify the above and forgoing to be a true and correct copy of the original record now remaining in my office. IN TESTIMONY WHEREOF I have hereunto set my hand and official seal at the City of Tawas City in said County, this 11th day of March, 2026.

Kristen Loew
Clerk/Deputy

Bond $10,000 PR allow out of state travel [reside Ohio]

## *FINES AND COSTS MUST BE PAID AT TIME OF SENTENCING

| | |
|---|---|
| X Arraignment | SENTENCE: Carry weapon for Employment duties |
| ☐ Trial: ☐ Court ☐ Jury | Fine and costs $ _____ |
| ☐ Probable Cause Conf. | |
| ☐ PVH ☐ OSC | Fine Payable By: _____ m. |
| ☐ Prelim. Exam | Probation: _____ |
| ☐ Pretrial | Jail Time: _____ |
| ☐ Other | |

### DEFENDANT: "YOU MUST NEXT APPEAR IN COURT"

| | Time | Date |
|---|---|---|
| Pretrial Conference | m. | |
| X Probable Cause Conference | 10:00 A m. | 3/24/26 |
| Trial: ____ by Judge ____ by Jury | m. | |
| X Preliminary Exam 10 a.m. and | 3:00 p m. | 04/14/26 |
| Circuit Court ___ Pretrial ___ Sentence | m. | |
| Presentence Interview | m. | |
| Sentence | m. | |
| Other | m. | |

## DEFENDANT
### RECEIPT ACKNOWLEDGEMENT:

White - Court File        Blue - Prosecutor        Yellow - Defense Attorney        Gold - Defendant